**E-filed 3/22/06**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: SAN JOSE MEDICAL MANAGEMENT, INC. <br><br> ONCOLOGY THERAPEUTICS NETWORK JOINT VENTURE, L.P., <br><br>　　　　　　　Appellant, <br><br>　　　　　　　v. <br><br> CHARLES VOLD, <br><br>　　　　　　　Respondent. | Case Number C 05-01233 JF <br><br> ORDER[1] AFFIRMING JUDGMENT OF BANKRUPTCY COURT <br><br> [Docket No. 1] |

## I. BACKGROUND

The facts underlying the present appeal are undisputed. San Jose Medical Management, Inc. ("San Jose Medical") runs infusion centers to treat cancer patients. San Jose Medical contracted with Oncology Therapeutics Network Joint Venture, L.P. ("OTN") to purchase supplies to operate the infusion centers. As part of the arrangement, OTN required San Jose Medical to establish a vendor account to purchase oncology pharmaceuticals and supplies.

On March 23, 2001, OTN sent a Credit Application and Agreement ("the agreement") to

---

[1] This disposition is not designated for publication and may not be cited.

1  San Jose Medical. The agreement named "San Jose Medical Management, Inc." in the space
2  reserved for "Applicant Company's Full Legal Name." The agreement also set forth the
3  following clause above the space marked "Authorized Person's Signature":

> *AGREEMENT*. BY SIGNING BELOW YOU AGREE THAT IF YOUR APPLICATION IS APPROVED THIS ACCOUNT SHALL BE USED ONLY FOR THE PURCHASE OF MERCHANDISE FOR COMMERCIAL OR BUSINESS AND NOT FOR PERSONAL, FAMILY, HOUSEHOLD OR AGRICULTURAL PURPOSES. Any person signing below on behalf of a business entity attests that the buyer is a valid business entity and that such person is authorized to enter into this Agreement on behalf of the buyer. . . . By signing below, Applicant agrees to the terms set forth in the Commercial Credit Agreement on the reverse side and in the Oncology Therapeutics Network Sourcebook. Applicant authorizes Oncology Therapeutics Network to investigate the references listed regarding the credit and financial responsibilities of Applicant. The person signing below personally guarantees that Applicant will pay all amounts due under this Agreement and shall be responsible for such amounts being paid.
>
> *AUTHORIZED PERSON'S SIGNATURE*: _____   *DATE*: \_\_\_
>
> *Print Name and Title*: _____

Appellant's Opening Brief, Addendum 2.

Charles Vold ("Vold") was the chief financial officer ("CFO") of San Jose Medical from August 2000 through November 2002. On March 29, 2001, Vold signed and dated the agreement. In the space following "Authorized Person's Signature," Vold signed his name. In the space following "Print Name and Title," Vold wrote, "Charles Vold, CFO." Vold then faxed the agreement back to OTN.

On September 30, 2002, San Jose Medical filed for bankruptcy under Chapter 11 of Title 11 of the United States Code. At the time of filing, San Jose Medical was indebted to OTN for $355,874.41 for materials supplied to the infusion centers. On November 6, 2002, OTN filed a state court complaint for breach of contract against Vold, seeking to hold Vold personally liable for the $355,874.41. OTN asserted that Vold signed the agreement in both his representative and personal capacity, and thus, that the agreement is a valid personal guarantee. On June 12, 2003, San Jose Medical removed the case to the bankruptcy court.

On July 8, 2004, the bankruptcy court granted summary judgment in favor of Vold and

1  found that: (1) the credit application and agreement was not "reasonably susceptible" to the
2  meaning that OTN proffered; and (2) Vold signed the agreement in his corporate capacity and not
3  in his personal capacity.[2] On July 21, 2004, Vold filed a motion for attorney's fees and costs.
4  On March 4, 2005, the bankruptcy court granted Vold's motion and awarded $22,550.00 in
5  attorney's fees and $1,475.12 in costs pursuant to California Civil Code § 1717.

6  On March 25, 2005 OTN filed the present appeal. OTN does not challenge the
7  bankruptcy court's summary judgment ruling, and has appealed only the award of attorney's fees
8  and costs. On June 30, 2005, Vold filed an opposition brief, OTN filed a reply brief on July 11,
9  2005. Having considered the briefs and relevant evidence, the Court will affirm the judgment.

## II. LEGAL STANDARD

This Court has jurisdiction over the instant case under 28 U.S.C. § 158(a). Section 158(a) provides in pertinent part that "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a).

In reviewing the bankruptcy court's decision, the Court reviews its findings of fact under a clearly erroneous standard and its conclusions of law *de novo*. *Higgins v. Vortex Fishing Systems, Inc.*, 379 F.3d 701, 705 (9th Cir. 2004); *Takisaki v. Alpine Group, Inc. (In re Alpine Group, Inc.)*, 151 B.R. 931, 934 (9th Cir. BAP 1993). Under California law, the interpretation of a contract is a question of law which is reviewed *de novo*. *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1064 (9th Cir. 2002).

## III. DISCUSSION

Both OTN and Vold agree that in the instant case there are no issues of fact on appeal. OTN further states that it is appealing "only the award of attorney fees and costs — not the underlying summary judgment." Appellant's Opening Brief at 2. The Court agrees with Vold that the sole issue on appeal thus is one of law: whether or not the bankruptcy court erroneously

---

[2]  *Oncology Therapeutics Network Joint Venture, L.P. v. Vold*, A.P. No. 03-5252.

applied California Civil Code § 1717 in awarding attorney's fees and costs to Vold.[3] The Court reviews the bankruptcy court's conclusions of law on this issue *de novo*.

As argued by Vold "[t]he Bankruptcy Court expressly stated in its Order of Summary Judgment that no personal guarantee existed" in the agreement. Opposition at 8. The bankruptcy court held that "[o]ne would assume that if Vold signed personally, he would be using the account for personal purposes and not for business purposes; Vold's business purpose would exist as an officer of [San Jose Medical]." Ex. A at 14. Vold signed the agreement as a corporate officer of San Jose Medical and not in his individual capacity. The agreement's signature line specifically asked for the "Authorized Person's Signature," and below the signature line the agreement asked that Vold print his name and title, which he did.

The Court also agrees with Vold that "one of the key matter[s] resolved in Vold's favor in the Bankruptcy Court's Order of Summary Judgment was that no second, separate, independent contract for personal guarantee existed" in the agreement, and that OTN's attempt to raise on appeal the argument that a personal "Guarantee Agreement" exists within or separately of the

---

[3] Section 1717 provides in relevant part:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
>
> . . . .
>
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. . . . [T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

Cal. Civ. Code § 1717.

overall agreement is "partly a back-door attempt to re-litigate the Bankruptcy Court's Order of Summary Judgment." Opposition at 7.

Even if this Court were to consider OTN's argumnts with respect to the guarantee issue, the Court would not find them persuasive. OTN argues that the last sentence before the "Authorized Person's Signature" states that "[t]he person signing below personally guarantees that Applicant will pay all amounts due under this Agreement and shall be responsible for such amounts being paid." Appellant's Opening Brief, Addendum 2. However, "[t]he whole of a contract is to be taken *together*, so as to give effect to *every* part, if reasonably practicable, each clause helping to interpret the other." California Civil Code § 1641 (emphasis added). When the alleged "guarantee agreement" is read *together* with *every* part of the overall agreement, it is clear that Vold signed the agreement as a corporate officer of San Jose Medical and not in his individual capacity. As the bankruptcy court stated, "[e]ven the instruction states that the signatory is entering into the Agreement 'on behalf of the Applicant.'" Ex. A at 8.

The Court thus turns to the sole issue on appeal, which is whether the bankruptcy court erroneously applied California Civil Code § 1717 in awarding attorney's fees and costs to Vold. "No general right to attorney fees exists under the Bankruptcy Code. However, a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). "Because state law necessarily controls an action on a contract," attorney's fees may be awarded when: (1) the contract provides for an award; and (2) state law permits the awarding of attorney's fees. *In re Bennett*, 298 F.3d at 1064. For two reasons, the Court concludes that there was no error.

First, the agreement at issue clearly contains an attorney's fees clause. The clause reads:

> DEFAULT/COLLECTION COSTS: If you fail to pay us any amount when due, or if you declare bankruptcy, or if other similar proceedings are commenced by or against you, your Account will be in default, and subject to any right you may have under state law to receive notice of and to cure such default, we may declare the entire unpaid balance in the Account due and payable. In addition to the full amount owed and any allowable court costs, *if the Account is referred to an attorney-, you agree to pay our reasonable attorney's fees.*

5

Case No. C 05-3580 JF
ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT
(JFEX1)

Appellant's Opening Brief, Addendum 2 (emphasis added).  The agreement provides that "the words 'you' and 'your' refer to the Applicant that signs the Application or on whose behalf the Application is signed" and "'we', 'us' and 'our' refer to the Sellers-named above and includes any Assignee to which the indebtedness created under this Agreement is assigned." Appellant's Opening Brief, Addendum 2.  The bankruptcy court determined that "[i]n the context of this agreement, 'you' and 'your' is referring to [San Jose Medical] and is not referring to Vold in his personal capacity." Ex. A at 14.

Second, as set forth in footnote three, Section 1717 permits an award of attorney's fees in the present situation.  Under Section 1717, if a "contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party," regardless of which party is actually named in the contract as the recipient of attorney's fees. Cal. Civ. Code § 1717(a).  The California Supreme Court has held that "[t]he primary purpose of Section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions." *Santisas v. Goodin*, 17 Cal.4th 599, 610 (1998).  Section 1717 has this effect in two distinct situations. *Id.* "The first situation in which section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is when the contract provides the right to one party but not the other." *Id.* at 610-11 (citation omitted). "In this situation, the effect of section 1717 is to allow recovery of attorney fees by whichever contracting party prevails, 'whether or not he or she is the party specified in the contract or not.'" *Id.* (citing Cal. Civ. Code § 1717).  The second situation that makes "an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation by successfully arguing the inapplicability . . . of the same contract." *Id.* (citation and internal quotation omitted).

The second situation is present here.  Vold was sued pursuant to an agreement containing an attorney's fees provision.  Vold successfully defended against OTN's claim by establishing the inapplicability of the agreement to himself individually as a personal guarantor.  Thus, "to

6

Case No. C 05-3580 JF
ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT
(JFEX1)

1 ensure mutuality of remedy in this situation, it has been consistently held that when a party
2 litigant prevails in an action on a contract by establishing that the contract is . . . inapplicable . . .
3 section 1717 permits that party's recovery of attorney fees whenever the opposing parties would
4 have been entitled to attorney fees under the contract had they prevailed." *Id.*  There is no
5 question that had it prevailed on its claims against Vold, OTN could have collected attorney's
6 fees pursuant to the agreement's attorney's fees provision.  Accordingly, the bankruptcy court did
7 not erroneously apply California Civil Code § 1717 in awarding attorney's fees and costs to
8 Vold, and Vold is entitled to recover attorney's fees and costs from OTN as a matter of law.

### IV.  ORDER

Good cause therefore appearing, the judgment of the bankruptcy court is affirmed.

IT IS SO ORDERED.

DATED: March 21, 2006

_____
JEREMY FOGEL
United States District Court

This Order has been served upon the following persons:

7

Case No. C 05-3580 JF
ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT
(JFEX1)

| | |
|---|---|
| 1 | Fred S. Hjelmeset |
| 2 | Law Offices of Stephen Benda |
| | 750 Menlo Avenue #350 |
| 3 | Menlo Park, CA 94025 |
| | Email: fred@bendalaw.com |
| 4 | |
| 5 | Jennifer J. Hagan |
| | The Hagan Law Firm, Inc. |
| 6 | 350 Cambridge Avenue, Suite 150 |
| | Palo Alto, CA 94306 |
| 7 | Email: JHagan@Haganlaw.com |
| 8 | |
| | Jeffrey H. Butwinick |
| 9 | Foley & Lardner |
| | One Maritime Plaza, 6th Floor |
| 10 | San Francisco, CA 94111 |
| | Email: jbutwinick@foleylaw.com |
| 11 | |
| 12 | Judge James R. Grube, Judge Arthur S. Weissbrodt, USBC Manager-San Jose |
| | U.S. Bankruptcy Court |
| 13 | 280 South First Street, Room 3035 |
| | San Jose, Ca 95113 |
| 14 | |

8

Case No. C 05-3580 JF
ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT
(JFEX1)